UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH BOYD,

     Plaintiff,

  -against-


STEPHEN M. OSBORN, ESQ.,

     Defendant.

**NOTICE OF REMOVAL**

**No. 6:21-cv-6651**

  Defendant Stephen M. Osborn, Esq. ("Osborn"), by and through his counsel, Ward Greenberg Heller & Reidy LLP, hereby gives notice of the removal of this civil action from the Supreme Court of the State of New York, County of Monroe, to the United States District Court for the Western District of New York. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

  As grounds for removal, Defendants state as follows:

**Background Facts Regarding Pleadings Served and Filed to Date**

  1.  On September 7, 2021, plaintiff Joseph Boyd ("Plaintiff") filed a Summons and Complaint in the Supreme Court of the State of New York, Monroe County, Index No. E2021008281 (the "State Court Action."). A copy of the Summons and Complaint are attached as **Exhibit A** and **Exhibit B**, respectively.

  2.  Plaintiff's claims arise from alleged defamation by Osborn while acting as legal counsel to Quantum Loop Solutions, Inc. **Exhibit B** at ¶ 17. Plaintiff alleges that Osborn defamed Plaintiff in a report made by Osborn to the Board of Quantum Loop Solutions, Inc.

relating to an investigation by Osborn—as counsel—into potential Board member misconduct. *Id.* at ¶ 9-10.

3.    On or about September 21, 2021, Plaintiff attempted service of the Summons and Complaint by hand delivery on John Doe, an assistant at Osborn's law firm, Mintz Levin at 44 Montgomery Street, 36th Floor, San Francisco, CA 94104, as reflected in the affidavit of service attached as **Exhibit C**. On or about September 30, 2021, Plaintiff attempted to effect service by mail to Osborn at that same address. *See* **Exhibit C**.

4.    **Exhibits A-C** constitute the only pleadings or papers known to have been filed or served in the State Court Action.

5.    Pursuant to 28 U.S.C. § 1446(a), an index of all process, pleadings, and orders filed and served in the State Court Action is attached as **Exhibit D**.

**Grounds for Removal – Diversity Jurisdiction**

6.    The Complaint is removable to the United States District Court for the Western District of New York, pursuant to 28 U.S.C. § 1332(a), because there is diversity of citizenship between the parties, and the amount-in-controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorneys' fees.

7.    There is diversity of citizenship between the parties, as Plaintiff is a citizen of New York (*see* **Exhibit B** at ¶ 2), and Osborn is not a citizen of New York (*see* **Exhibit B** at ¶ 3).

8.    At the time plaintiff's Complaint was filed, and at the time this notice is filed, Plaintiff is a citizen of the State of New York, residing at 30 W Broad Street, Unit 2, Rochester, New York 14614. *See* **Exhibit B** at 2.

9.    Osborn is a resident of the State of California, with his place of business located at 44 Montgomery Street, 36th Floor, San Francisco, California 94104. *See* **Exhibit B** at ¶ 3.

10.    As to the amount-in-controversy requirement, the amount-in-controversy in this action exceeds $75,000, exclusive of interest, costs, and attorneys' fees; in his complaint, Plaintiff claims that Osborn is liable to him for the payment of money damages no less than $5,000,000.00. *See* **Exhibit B** at ¶ 1.

**Timeliness of Removal**

11.    This removal is timely under 28 U.S.C. § 1446(b)(1). Osborn's first notice of the action occurred no earlier than September 21, 2021, the date on which the Summons and Complaint were first delivered in person to an assistant at Osborn's law office in San Francisco. Plaintiff thereafter also mailed a copy of the Summons and Complaint to Osborn at his business address. *See* **Exhibit C**.

12.    Because thirty days has not passed since Osborn's notice of the action, the time for removal has not expired and the Notice of Removal is timely pursuant to 28 U.S.C.  § 1446(b).

**Venue is Proper**

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Western District of New York is the District embracing the state court in which the State Court Action is pending – Monroe County.

**Notice of the Removal**

14.    Pursuant to 28 U.S.C. § 1446(d) and Western District of New York Local Rule 81(a)(4), Defendant will promptly serve Plaintiff's counsel with a Notice of Notice of Removal

attaching a copy of this Notice of Removal, and Defendant will promptly file with the Clerk of the County of Monroe, a Notice of Filing of Notice of Removal.

WHEREFORE, Defendant respectfully submits that this Court has jurisdiction over the claims asserted in this action, pursuant to 28 U.S.C. § 1332(a), that the action properly is removable pursuant to 28 U.S.C. §§ 1441 and 1446, and that the removal has been effected in a timely and appropriate manner.

Dated: October 21, 2021     WARD GREENBERG HELLER & REIDY LLP

By: /s/ Joshua M. Agins
    Joshua M. Agins

1800 Bausch and Lomb Place
Rochester, New York 14614
Telephone: (585) 454-0700
jagins@wardgreenberg.com

*Attorneys for Defendants*

TO: Linda H. Joseph
   Schroder, Joseph & Associates, LLP
   394 Franklin Street, 2nd Floor
   Buffalo, NY 14202
   Telephone: (716) 881-4902

   *Attorney for Plaintiff*

   Ms. Jamie Romeo
   County Clerk of Monroe County
   Office of the Monroe County Clerk
   39 W. Main Street
   Room 101
   Rochester, NY 14614

# EXHIBIT A

MONROE COUNTY CLERK'S OFFICE                THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 2833459

Book    Page    CIVIL

Return To:                                  No. Pages: 2
LINDA H. JOSEPH
394 Franklin Street                         Instrument: EFILING INDEX NUMBER
2nd Floor
Buffalo, NY 14202                           Control #:      202109071307
                                            Index #:        E2021008281

                                            Date: 09/07/2021

Boyd, Joseph                                Time: 5:14:10 PM

Osborn, Steven M. Esq.

| | | |
|---|---|---|
| State Fee Index Number | $165.00 | |
| County Fee Index Number | $26.00 | |
| State Fee Cultural Education | $14.25 | |
| State Fee Records | $4.75 | Employee: CW |
| Management | | |

Total Fees Paid:                $210.00

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK



**SUPREME COURT**
**STATE OF NEW YORK : MONROE COUNTY**
--------------------------------------------------------------------

**JOSEPH BOYD**
30 W Broad Street, Unit 2
Rochester, New York 14614

<b>Plaintiff,</b>

v.

**STEVEN M. OSBORN, ESQ.**
c/o Mintz Levin
44 Montgomery Street, 36th Floor
San Francisco, California 94104

<b>Defendant.</b>
--------------------------------------------------------------------

𝕾𝖚𝖒𝖒𝖔𝖓𝖘

**Index No.** _____

     **TO THE ABOVE NAMED DEFENDANT,** you are hereby summoned and required to answer the Complaint in this action, and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the County of Monroe and State of New York.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

     Monroe County is designated as the place of trial and the basis of the venue is that the Plaintiff's headquarters is located in Monroe County, New York.

Dated:  September 7, 2021
        Buffalo, New York

               Sincerely,

               **SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

               Linda H. Joseph
               392 Pearl Street, Suite 301
               Buffalo, New York 14202
               Telephone: (716) 881-4902
               Facsimile: (716) 881-4909
               ljoseph@sjalegal.com

               *Attorneys for Plaintiff*

# EXHIBIT

# B

MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 2833452

Book    Page    CIVIL

Return To:
LINDA H. JOSEPH
394 Franklin Street
2nd Floor
Buffalo, NY 14202

No. Pages: 8

Instrument: COMPLAINT

Control #:        202109071300
Index #:          E2021008281

Date: 09/07/2021

Boyd, Joseph

Time: 5:13:21 PM

Osborn, Steven M. Esq.

Total Fees Paid:                    $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

**SUPREME COURT OF**
**THE STATE OF NEW YORK : COUNTY OF MONROE**

**JOSEPH BOYD**
30 W Broad Street, Unit 2
Rochester, New York 14614

Plaintiff,

v.

**STEVEN M. OSBORN, ESQ.**
c/o Mintz Levin
44 Montgomery Street, 36th Floor
San Francisco, California 94104

Defendant.

Index No._____

---

## VERIFIED COMPLAINT

Plaintiff, **Joseph Boyd,** ("Plaintiff") by and through his attorneys, **SCHRÖDER, JOSEPH**

**& ASSOCIATES, LLP,** for his Verified Complaint, states as follows:

## NATURE OF THE ACTION

1.      This Complaint seeks damages for defamation per se engaged in by Defendant Steven

M. Osborn, Esq. when acting as legal counsel in New York State to Quantum Loop Solutions, Inc.

("QLS") of 215 Alexander Street, Suite 100, Rochester, New York. 14607.  In October, 2020,

Defendant Osborn defamed Plaintiff by making absolutely false statements about Plaintiff to QLS

Board Members that were such as to tend to harm an individual like Plaintiff in his profession or

trade inasmuch as Plaintiff is a professional financial advisor.  As discussed in detail below,

Defendant Osborn's statements as to Plaintiff Joseph Boyd were absolutely false and defamatory

assertions that are documented in a written email sent to QLS Board members transmitted by

Defendant Osborn on October 10, 2020 to all of the QLS Board members and further discussed by

Defendant Osborn at a QLS Board meeting held on October 15, 2020 that was preserved in a video

recording.  Accordingly, based upon the absolutely false, damaging and inflammatory statements

made by Defendant Osborn, Plaintiff is entitled to an award of damages in an amount to be set by the trier of fact but not less than five million dollars.

## PARTIES, JURISDICTION AND VENUE

2.   Plaintiff Joseph Boyd, a financial advisor, resides in Victor, New York and has business offices at Boyd Capital Management, 30 W. Broad Street, Unit 2, Rochester, New York 14614.

3.   Defendant Steven M. Osborn is an attorney who is associated with the Mintz Levin law firm which has offices at 44 Montgomery Street, 36th Floor, San Francisco, California and who, upon information and belief, is a resident of California.

4.   At the time of the false and defamatory statements made by Defendant Osborn as to Plaintiff Joseph Boyd, Defendant Osborn was acting as legal counsel to QLS, a corporation located in Rochester, New York, thereby causing injury and harm to Plaintiff, a New York resident whose business is located in Rochester, New York.

5.   Accordingly, jurisdiction and venue are proper before this Court because the Defendant's unlawful conduct caused injury to Plaintiff in New York State and more specifically damaged Plaintiff who works in Rochester, New York where his business is located.

### FACTS ESTABLISHING THAT DEFENDANT ENGAGED IN DEFAMATION PER SE AND IS LIABLE TO PLAINTIFF FOR DAMAGES TO HIS BUSINESS REPUTATION

6.   Plaintiff Joseph Boyd is a professional financial advisor whose business is located in Rochester, New York and who was providing financial advice and services in 2020 to an investor who made an investment in QLS.

7.   In his capacity as a financial advisor to this investor, Plaintiff Boyd was elected to the Board of Directors of QLS and also was a signatory to a certain bank account held in the name of QLS that contained funds belonging to the investor whom he represented.

8.   Because of concerns about possible mismanagement of the funds of QLS, including funds belonging to the investors which were in this bank account to which QLS's majority shareholders also had access, Plaintiff Joseph Boyd—who as noted above was a signatory to the account for purposes of protecting the minority investors in QLS—took protective action.

9.   The protective action taken by Plaintiff Boyd was to transfer the minority investor's funds into a separate bank account—a preexisting account that also was in the name of QLS—until such time as there could be an investigation into the possible mismanagement by the majority shareholders of QLS and these funds.

10.   In response, in an effort to undermine the reputation and integrity of Plaintiff Boyd, Defendant Osborn transmitted an email on Saturday, October 10, 2020 to the members of the Board of Directors of QLS in which Osborn falsely stated that Plaintiff had engaged in theft and illegal actions.

11.   Defendant Osborn's statements in the October 10, 2020 email were absolutely false. Contrary to these knowingly false statements by Defendant Osborn, Plaintiff Boyd in fact simply had protectively transferred the funds belonging to the minority investor—whose interests it was Plaintiff Boyd's obligation to protect—into a separate preexisting bank account which was held in the name of QLS for safekeeping until the possible mismanagement by the majority shareholders of QLS could be investigated.

12.   By publishing the absolutely false statements in his October 10, 2020 email which was transmitted to the QLS Board members who all live in Western and Central New York State, Defendant Osborn engaged in defamation per se in the State of New York.

13.   Indeed, Defendant Osborn's publication of his false statements to the QLS Board could easily have destroyed Plaintiff's career and livelihood as a financial advisor and make it impossible for him to provide for his family.  At a minimum, by transmitting his false and

defamatory email to the QLS Board members, Defendant Osborn destroyed any potential for

Plaintiff Boyd to work with those QLS Board members who had received the absolutely false and

defamatory statements about him from QLS's legal counsel, Defendant Osborn—a person whom

these Board members trusted—perhaps imprudently—as the attorney for QLS.

14.   The absolutely false statements published by Defendant Osborn to the QLS Board

members regarding Plaintiff Boyd in Osborn's  October 10, 2020 email were as follows:

> "Mr. Boyd's illegal actions appear to be personally motivated based on
> his quest to control this company without the right to do so." ***
> "An unauthorized transfer of corporate funds would be embezzlement,
> **which is more commonly known as theft.  This action has both**
> **criminal and civil implications for the perpetrator**." (Emphasis
> added.)

15.   The foregoing statements were knowingly and intentionally made to damage Plaintiff

and his reputation and necessitate that punitive damages be awarded in this action.

16.   There was a QLS Special Board Meeting held on Thursday, October 15, 2020 to discuss

these matters at which Defendant Osborn continued to make these same defamatory and false

statements about theft and unlawful conduct by Plaintiff to the Board members of QLS.

17.   The QLS Special Board Meeting of October 15, 2020 was conducted by Zoom and

attended by the following persons: QLS Board Members Robert Nead, Benjamin Weiner, Samuel

Weiner, Debbie Wagner, Philip Wehrheim, Chris Missick and Plaintiff Joseph Boyd as well as QLS

Corporate Counsel, Defendant Stephen Osborn.

18.   When directly confronted by Plaintiff as to the falsity of his statements—and the reasons

as to why it was clear that these statements that Plaintiff had engaged in theft and illegal conduct

were false—Defendant Osborn attempted to "save face" by begrudgingly stating that his factual

statements "might" be false.

19.   Specifically, one hour and thirty minutes into the Board meeting, when Plaintiff pointed out that Defendant's  statements were absolutely false and  "came across as a bullying tactic," in an effort to "save face," Defendant Osborn asserted that "to some extent your comments are fair" and "I don't have all the facts."

20.   Of course, Defendant's begrudging, face-saving comment—after the Board meeting had gone on for approximately 1 ½ hours—that his statements "might' be false was insufficient to correct the damage done by his defamatory statements in the October 10, 2020 email and later at the October 15, 2020 Special Board Meeting asserting that Plaintiff had engaged in "theft" and "unlawful conduct."

21.   Defendant Osborn's conduct is particularly egregious when it is considered that Defendant Osborn knew—when making these defamatory statements—that Plaintiff Boyd is a professional financial advisor who depends on his reputation and trustworthiness for his livelihood and when it is further considered that—as an attorney—Defendant Osborn presumably knows that negligence is not a defense to making defamatory statements such as those made by Defendant Osborn regarding Plaintiff Joseph Boyd.

22.   Plaintiff Joseph Boyd is not a public figure and Defendant Osborn had no right to make the false and defamatory statements about him that were published to the QLS Board members.

23.     Based on the foregoing, Defendant has engaged in defamation per se and further, while not necessary to his claims, Plaintiff has suffered special harm. Thus, Plaintiff is entitled to judgment against Defendants in an amount to be determined at trial, but not less than five million dollars, together with his costs and expenses, and such other and further relief as the Court deems proper and just.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that he be granted judgment on his Cause of Action for Defamation Per Se against Defendant Osborn and that Plaintiff be awarded damages in an amount to be determined by the trier of fact, but not less than five million dollars, together with punitive damages, attorney's fees, his costs and expenses and such other and further relief as the Court deems proper and just.

Dated: September 7, 2021
      Buffalo, New York

Respectfully submitted,

**SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

Linda H. Joseph
394 Franklin Street, Second Floor
Buffalo, New York  14202
(716) 881-4902 Telephone
(716) 881-4909 Facsimile
ljoseph@sjalegal.com

*Attorneys for Plaintiff Joseph Boyd*

## VERIFICATION

STATE OF NEW YORK

COUNTY OF ~~MONROE~~ Ontario

JOSEPH BOYD, being duly sworn, deposes and says that he is the Plaintiff in the

foregoing action and he has read the foregoing Complaint and the allegations and information

provided therein are true and correct based upon his personal knowledge..

Joseph A. Boyd
Joseph Boyd

Sworn to before me this
7th day of September, 2021.

Karen C. Bodine
Notary Public

KAREN C. BODINE
Notary Public - State of New York
No. 01BO6375799
Qualified in Ontario County
My Commission Expires May 29, 2022

1

# EXHIBIT C

**FILED: MONROE COUNTY CLERK 10/05/2021 04:09 PM**
NYSCEF DOC. NO. 3 Case 6:21-cv-06651-FPG Document 1 Filed 10/21/21 Page 18 of 21

INDEX NO. E2021008281

RECEIVED NYSCEF: 10/05/2021

## IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF MONROE

**JOSEPH BOYD**

Plaintiff/Petitioner

vs.

**STEPHEN M. OSBORN, ESQ.**

Defendant/Respondent

Hearing Date:
INDEX NO:    **E2021008281**
Index Date:    **09/07/2021**
AFFIDAVIT OF SERVICE OF:
Summons; Complaint; Confirmation Notice

Received by **Tasia Stone**, on the **16th day of September, 2021 at 2:26 PM** to be served upon **Stephen M. Osborn, Esq.** at **44 Montgomery Street, 36th Floor, San Francisco, San Francisco County, CA 94104**.

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **21st day of September, 2021 at 1:07 PM** at the address of **44 Montgomery Street, 36th Floor, San Francisco, San Francisco County, CA 94104**, this affiant served the above described documents upon **Stephen M. Osborn, Esq.** in the manner described below:

**SUBSTITUTE SERVICE**, by leaving 1 true and correct copy(ies) of the above described documents, with the date and hour of service endorsed thereon by this affiant, with **John Doe**, a person of suitable age and discretion who stated they reside at the defendant's usual place of abode listed above.
On the date of _____**9·30·21**_____, affiant then deposited in the United States mail, in the county where the property is situated, the above described documents in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served. This was mailed with proper postage to:

**Stephen M. Osborn, Esq.**
**44 Montgomery Street, 36th Floor**
**San Francisco, CA 94104**

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY(IES) OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**John Doe, I delivered the documents to an individual who refused to give their name who indicated they were the secretary. The individual tried to refuse service by dropping documents and said steven didn't want him to accept it (documents left, seen by subject). The individual appeared to be a black-haired Asian male contact 35-45 years of age, 5'6"-5'8" tall and weighing 160-180 lbs with an accent and glasses. Secretary called defendant on phone and Defendant told him not to accept . I told him i had to leave documents and i left them right at his feet. He apologized he couldn't accept.**

**Deponent asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or in active duty in the military service of the State of New York or a dependent of anybody in the military and was told defendant and/or present occupant was not.**

Executed on _____**9·30**_____, 20**21**.

_____

**Tasia Stone, Reg. # 18-003, Placer County, CA**

ABC Legal Services, Inc.
DCA Lic. #1380619 Exp. 02/28/22
147 Prince St, Suite 4-6, Brooklyn, NY 11201

STATE OF NEW YORK COUNTY OF _____
SWORN TO AND SUBSCRIBED BEFORE ME THIS _____ OF _____ 20____ BY _____ (AFFIANT NAME)

_____
SIGNATURE OF NOTARY PUBLIC

_____
PRINT, TYPE OR STAMP NOTARY'S COMMISSIONED NAME

Please see attached
jurat form pursuant
to CA Government
Code Section 8202

PERSONALLY KNOWN_____ OR PRODUCED IDENTIFICATION_____
TYPE OF IDENTIFICATION PRODUCED_____

Page 1 of 1
FOR: **Schroder, Joseph & Associates,**
REF: **REF-8752869**

Tracking #: **0076576341**

## CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Placer

Subscribed and sworn to (or affirmed) before me on this ___30___ day of ___September___, 2021

by ___Tasia Marie Stone_____, proved to me on the basis of

satisfactory evidence to be the person(s) who appeared before me.

ALLEYA L. GALVEZ
COMM. #2300018
NOTARY PUBLIC • CALIFORNIA
PLACER COUNTY
Commission Expires August 3, 2023

(Notary Seal)

_____
Signature of Notary Public

**Alleya L Galvez , NOTARY PUBLIC**          **EXP: Aug 3, 2023**

### ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT
Affidavit of service of:
Summons; complaint, confirmation Notice
Title or description of attached document

CAPACITY CLAIMED BY THE SIGNER

√  Individual(s)  ___ Corporate Officer  ___ Trustee(s)  ___ Other_____

# EXHIBIT D

## INDEX OF PLEADINGS SERVED IN THE STATE COURT ACTION

1.  SUMMONS FILED ON SEPTEMBER 7, 2021.

2.  COMPLAINT FILED ON SEPTEMBER 7, 2021.

3.  AFFIDAVIT OF SERVICE FILED ON OCTOBER 5, 2021.